May please the court. My name is Michael Murphy and I'm here on behalf of the appellant, Mr. Christopher Lee. This appeal brought is about sentencing discretion and which federal court gets to make that call for a concurrent or consecutive decision when we have two separate federal courts issuing sentences at different times. Mr. Lee requests this court reverse the judgment of the district court and remand his case in order directing the Bureau of Prisons to impose federal sentences concurrently as ordered by the first district court Judge Autry. So we submit and I quite frankly I think the government agrees that the first sentencing court should have the discretion to enter a concurrent or consecutive sentence to a yet-to-be imposed federal sentence. In this case we have a secondary issue because of the competing judgments in this case to how the Bureau of Prisons should execute those sentences in Mr. Lee's case. Judge Autry initially ordered a concurrent sentence and a few months later Judge White ordered a consecutive sentence. Why should the first judge be able to bind a the second judge when they're both federal judges? And your honor it isn't go ahead oh I apologize with with respect to the first judge being able to bind the second judge I don't know if it's necessarily binding because when the first court says I'm gonna run my sentence concurrent the second sentencing judge has options to tailor his sentence with the knowledge of what the first court sentences. If the first court doesn't know what the second judge is going to do the first court is left to guess. But the second judge almost always has more information than the first judge. In certain circumstances I would I would agree with that Mr. Lee's case I don't think that is the case. Judge White may have possessed a little bit more information but generally with respect to the information that was before him it was very minimal and the and that was the government referenced it in their brief. The government talked about or in front of Judge Autry the government forewent offering any evidence they said we're not going to get into some of the issues that are going to be before Judge White. I think that's to their own fault. Counsel why is the vehicle for this appeal the 2241 instead of the 2255? And your honor we are dealing with the execution of the sentences so when Mr. Lee got to the Bureau of Prisons there was competing judgments. One judgment said concurrent one said consecutive. The Bureau of Prisons has a policy statement that says a federal court may impose a concurrent or consecutive sentence to yet to be imposed term of imprisonment and the court shall sentence or execute that sentence as the manner prescribed by the court. It seems you're not really appealing what the in a sense you're appealing what the BI what the Bureau of Prisons did but what you're actually doing is challenging the legality of the second judge's sentence. And your honor I don't know if it's the with respect to the I don't wouldn't phrase it as legality of the of the second judge's sentence. Well aren't you in essence saying the court erred by running the sentence consecutive with the with the first federal sentence? And I think the question that's hope that's open before this court is there hasn't been a decision from the 8th Circuit as to whether a first or second sentencing court has the discretion when it when it comes to ordering sentences. If the first if this court if we had prior precedent that said the first sentencing court does or doesn't have the discretion then we don't have the issue before here. So when the Bureau of Prisons got the judgments they went with the consecutive versus the concurrent and that's what's not challenging the constitutionality of Judge White's sentence but what he's challenging is how the Bureau of Prisons interpreted the competing judgments. Does it matter that the two judges basically have agreed once the BOP contacted them they well we'll go with the consecutive that's fine I don't know first judge says well I don't have a problem with it. Does that matter? I don't believe it does and I think that there was there was a specific there because there was no evidentiary hearing on this and I know that it was made part of the record but it's not as if we had a clear record on it on it because Judge Autry in his initial sentence said that you know my sentence is going to be concurrent and the government had asked for a consecutive sentence from Judge Autry and he said no I'm going to order a concurrent and so at that time his sentencing intent was for a concurrent sentence. You know the only problem I've got well not the only problem but if you look at Setzer the Supreme Court is indicating that indicated that and both sides seem to be saying well the BOP gets to make this call and I keep coming back to how is that humanly possible the Bureau of Prisons should never be exercising discretion to decide what the arm of the Department of Justice. It is ultimately the job of judges not prosecutors to decide what the sentence is and the Supreme Court said so in Setzer. So why in the world would we say that the judges ought to defer to some decision that's made by the Bureau of Prisons? And your honor I agree with that I don't think that the judges should defer to what the Bureau of Prisons did because I think what they did was incorrect. They had these two these two competing judgments and then they had their own policy statement that says if a judge imposes a sentence to a yet to be imposed in term of imprisonment then they should. But wouldn't wouldn't the proper remedy have been an appeal of the second judge's decision to run the sentences consecutively? And with respect to that in reading the the plain language of BOP policy statement 580.28 Mr. Lee didn't know how the sentences were going to be executed until he got Oh come on you listen he stood there he heard the word consecutive he said hold on wait a minute they're supposed to be concurrent. Now shouldn't that have been appealed and if his lawyer didn't appeal it shouldn't it be an ineffective assistance of counsel claim? Shouldn't that how that thing framed up? I mean I'm sitting here in this 2241 thing and I'm having a hard time figuring out how we get here at all. Right? I don't know why Judge Autry is making the decision as to what's supposed to happen with Judge White's sentence. That seems to be completely upside down in any rational understanding of how sentencing ought to take place. And we have a couple of different cases where the Supreme Court's hinted that the second federal judge ought to get to decide whether it's concurrent or not. Right? And so you want us to set all that aside and say the BOP makes the call. No Judge I don't I don't believe we want you to say the BOP makes the call. I believe it's that the way that the sentences should have been interpreted were because the first sentencing judge should have that discretion that's how the sentences should be executed. And this prior panel of this court in Watson and in Mayo yet have indicated that with respect to Setzer. They've indicated they're not quite sure. Correct. They've never made this court's never made a definitive statement but doesn't logically isn't the second judge the person with the most information who should be able to decide whether his sentence is going to be consecutive or concurrent. And I understand that we say there's something different about state court judges but as between two federal judges shouldn't the judge with the greatest amount of information get to make that decision? And I think that could be on a case-by- case basis but I think with respect to the the information is the first sentencing judge is still left with if he's going to impose a five-year sentence is that really going to be a five-year sentence or will be swallowed up by another sentence and with the judge doesn't know what's going to happen to a sentence. And of course you can stay the action on the revocation of sentence pending the resolution of the second case. I mean I did it all the time. I mean I would take people's cases and I'd say I'm gonna stay the decision on the revocation pending the outcome on the criminal case and we'll see what the sentences look like and we'll sentence that. Right? That could have happened here but in purposes of efficiency the judge said it's going to be concurrent and now you want his decision to bind a second judge. Yes your honor that is the relief that Mr. Lee is requesting. I see him in my rebuttal time. If there are no other questions I'll reserve my last minute for rebuttal. Thank you Mr. Murphy. Ms. Berry. May it please the court. I'm Tracy Berry and I represent the United States in this action. Let me start at the very beginning by correcting the timing of some things that happened in the lower court. When Judge White issued his order on August 30th of 2016 he said that his victory was not a victory for the 57-month sentence would be consecutive to that of Judge Autry. That was clear on August 30th of 2016. On September 7th of 2016 Mr. Lee filed a 2255 in which he asked Judge Autry to set aside his sentence and reimpose it so that Judge Autry's sentence would be the latter imposed sentence and would therefore control the execution of the sentence. So within the 14 days that he could have filed a direct appeal of Judge White's judgment he instead tried to manipulate things and move one sentence to the other. Judge Autry required him to file it on the proper forms. He did not do so. The 2255 was dismissed and therefore we started this whole rigmarole at some point with him then pursuing a 2241. Now some of the issues that have been raised by this court are extremely relevant in this case and that is the Bureau of Prisons took an extraordinary step because they did not want to be the final arbiter. They did not want to set themselves above the district court and they went to the district court and they said we've got two conflicting judgments here. How do you all want us to execute your sentences? Judge Autry, Judge White said Judge White's sentence should prevail and so therefore the sentences should be run consecutively. That was what the Bureau of Prisons did. So therefore when the 2241 was eventually before Judge Autry, Judge Autry did not err because the BOP had a reasonable interpretation in running the sentences consecutively based upon what the district courts did. Not based upon policy of BOP but what the judges wanted and how they wanted their sentences to be executed. Now one of the things that has not been discussed is the issue of the procedural bar. It is the government's position that the defendant had, Mr. Lee had an effective remedy through 2255. The judge in Kansas City or in the Western District of Missouri made that decision as well. When he transferred the case back he said that this should be construed as a 2255. For some reason the district, the clerk of court transferred that to Judge Autry rather than to Judge White. It was the intention of the United States when it filed its response to the defendant's for 2241 relief in the Western District of Missouri that the district judge would dismiss the petition because it should have been raised pursuant to 2255. It was not the government's position that the case be transferred to the Eastern District of Missouri. That was a decision that was made by Judge Bauer in the Western District of Missouri. So when Judge Boudu did that and when he decided to treat it as though it were a 2255 and then transfer it back, it would have been a second or consecutive and that couldn't have been considered by any district court in the absence of some relief from us allowing the second or consecutive 2255 to be filed, right? I believe that's correct, Your Honor. And I think the entire issue in this case, as we stated previously, was that it went to Judge Autry as opposed to Judge White. Judge Autry was then put in an unenviable position of having to make a judgment upon Judge White's sentence if he had pursued, if he had proceeded through the 2255 because he would have had to say the Judge White sentence was illegal and my sentence prevails. That's a very simplistic way of looking at it and that's the only way we could rationalize how we ended up back with the 2241 in the Eastern District of Missouri for a defendant who's confined in the Western District of Missouri. It is the, I'm sorry, yes sir. Could we determine that it was the functional equivalent of the proper motion, of a proper motion? In other words, I'm trying to think about the wasted effort here. Well, Justice Rehnquist, before he was chief, in one of his opinions or dissents said, quoted Samuel, the King of France with 40,000 men marched up the hill and then marched down again. Is that what we're doing here? No, you don't want us to. You want us to. What is the specific relief that you, the government, is calling for? The specific relief, we have two. We have an alternative and we have the original. The original one is to find that the defendant is barred from proceeding and that's because he had ample opportunity when he, to pursue that August 30th, 2016, 2255. He had another opportunity when the, when the Western District of Missouri judge transferred it. His failure to do so, especially in the absence of his not arguing that he was innocent, operates as a bar and so therefore the court should dismiss the appeal because he did not take advantage of his, what was before him. In other words, we shouldn't, in effect, say this is close enough in horseshoes so we'll take it under advisement. That's correct, your honor. Well, it's a little different than that, isn't it? Isn't what we're really looking at here is we'd say that, well, 22255 provided an adequate remedy at law. There was an abandonment or a failure to pursue an adequate remedy under 2255. When he filed the 2241, Judge Boo construed it as a 2255, saying it was not proper under 2241 because there was an adequate remedy under 2255. Now, if it's a second or consecutive, he still has an adequate remedy because his adequate remedy would be to come to us and ask for leave to file. Now, he may not be entitled to that leave because he won't be able to establish any of the things that he needs to in order to get that relief, but it's, it's really not close enough for horseshoes as much as it is. He had a remedy. He didn't raise it. He failed to perfect it. He had a second bite at the apple that was pointed out to him by a judge. Once it was pointed out to him by the judge, he never went through the process in order to preserve that and get it presented. And but whatever all that is, that was all an adequate remedy and therefore 2241 never comes into play. That's correct, your honor. And if, if I might point out that it wasn't just that he had a second bite at the apple, when Judge Booh, um, stated that 2255 was the appropriate remedy, the defendant appealed to this court saying he wanted to proceed under 2241. I forgot about that. So every step of the way, he has tried to avoid 2255 and on that basis, it's the government's position that he shouldn't, that the case should be dismissed. But in the alternative, if the court were to find that we should proceed under the 2241, it is the government's position that, um, Judge Autry didn't err. The Bureau of Prisons acted reasonably in seeking a judicial determination as to how the sentence should be executed. Because as Judge Erickson pointed out, and as I had the privilege of arguing before Judge Erickson in, um, Watson, Watson 2, in this case, Judge White had substantial information that Judge Autry did not have. Judge Autry's case was a supervised release revocation petition. He was limited. Yes, there was some reference to the underlying, um, the new case, but it didn't go into detail. As we pointed out in our briefs on pages 17 through 18, there was substantial information available to Judge White, including the fact that the criminal history point no longer counted. I believe it was, um, three felony convictions that had dropped out by the time it was before Judge White because of their age. There was also the fact that the defendant hadn't paid his restitution in the case with Judge Autry because he was gambling. That information was not before Judge Autry. In this case, we're not saying there's a hard, fast rule, but as Judge Erickson pointed out, and as the court in Setzer pointed out, and as this court pointed out in Watson 1, sometimes the second court has more information, and they should control. In this case, we don't even have to reach that. We're asking that this court deny defendant's petition for relief pursuant to 2241 because he's procedurally barred, and secondly, because there is, um, the Bureau of Prisons acted reasonably. Thank you. Thank you, Ms. Beery. Mr. Murphy? Thank you. I just want to touch on a few things because the government has talked about them. With respect to the procedural bar, it's our position that they waived this claim. There was no appeal filed when Judge Autry entered an order considering Mr. Lee's petition as one pursuant to 2241 versus Section 2255. Judge Autry made that decision. There was no appeal of that decision, and no across appeal has been filed either. Isn't it jurisdictional? Um, with respect to the, I'm sorry, with respect to the 2241, or? Yeah. I mean, the statute itself has always been held jurisdictionally to be limited to those cases where there is no other adequate remedy at law, and so isn't that jurisdictional? It is jurisdictional, Your Honor, and, um... And how do you get around that? You can't waive jurisdiction. Your Honor, I'm not sure that I have, um, the answer to that. I do think it's important to note that Judge Autry said this is a 2241 petition, and that's how I'm going to consider it, and we are appealing and proceeding from there. I see that, yes. Thank you, Your Honor. Thank you, Mr. Murphy, and the Court notes that you are representing the appellant here under the Criminal Justice Act, and we thank you for your willingness to serve and make the pass. Thank you. Thank you also, Ms. Beering, for the briefing and argument that you have supplied to the Court. We will take the case under advisement, render decision in due course.